**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

UNITED STATES OF AMERICA

v.                          4:17-CR-00295-BRW
                            4:20-CV-00848-BRW

FELIX TRAVIS KENNEDY

### ORDER

Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 30) is DENIED.

### I.  BACKGROUND

Defendant pled guilty to being a felon in possession of a firearm, and on October 23, 2018, he was sentence to 180 months in prison.[1]  He did not appeal his sentence.

### II.  DISCUSSION

Defendant asserts that his conviction must be vacated based on *Rehaif v. United States*.[2] In *Rehaif*, the Supreme Court clarified that the government must prove that "the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[3]  Defendant argues that because the indictment failed to set out this essential element, his conviction must be vacated.

#### A.  *Rehaif* Retroactivity

The consensus among the circuit courts that have addressed the issue is that *Rehaif* was not made retroactive to cases upon collateral review.[4]  Accordingly, the motion must be denied.

---

[1] Doc. Nos. 26, 27.

[2] *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

[3] *Id.* at 2191.

[4] *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all. Rather, it addressed what the *statutes* enacted by Congress require for a

B.     **Statute of Limitations**

Even if *Rehaif* was retroactive, Defendant's motion is untimely. The one-year statute of limitations for § 2255 relief based on *Rehaif* expired on June 22, 2020.[5] Although Defendant's motion is not dated, it was not received by this Court until July 20, 2020, nearly a month after the statute of limitation expired.

C.     **Defendant's Claims**

Assuming that *Rehaif* was retroactive to cases on collateral review, and that the motion was timely filed, it would still be denied.

Defendant asserts that the indictment's failure to comply with *Rehaif* creates structural issue. The Eighth Circuit rejected this argument just a few weeks ago.[6]

None of Defendant's arguments are jurisdictional, which means they were waived by Defendant's guilty plea.[7] Additionally, the issues were not raised on direct appeal. It is well-settled that a defendant cannot collaterally attack the validity of his guilty plea if he failed to

---

conviction under 18 U.S.C. §§ 922(g) and 924(a)(2).") (emphasis in original); *Khamisi-El v. United States*, 2020 WL 398520, at *4 (6th Cir. 2020) (unpublished opinion) (holding that the rule in *Rehaif* was "a matter of statutory interpretation, not a new rule of constitutional law"); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that "even if *Rehaif* had announced a new rule of constitutional law . . . it was not made retroactive to cases on collateral review by the Supreme Court";; *United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019) (holding that *Rehaif* resolved an issue of statutory construction, not the constitutional right to due process).

[5]28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .").

[6]*United States v. Coleman*, No. 19-2068, 2020 WL 3039057, at *4 (8th Cir. June 8, 2020) (holding that a "defendant's constitutionally invalid plea is not structural error.").

[7]*United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008) ("A guilty plea waives all defects except those that are jurisdictional" and a defective indictment is not a jurisdictional issue.) (internal quotations omitted).

raise the issue on direct appeal.[8]  The only way to avoid this procedural default is to show cause and prejudice or actual innocence.[9]  Defendant has not alleged actual innocence, and he cannot establish prejudice.  First, he does not assert that he would have gone to trial, rather than plead, if he had been advised of this element.  Second, it is undisputed that Defendant had prior felony convictions for which he served at least a year in prison.  Additionally, Defendant did not object to this prior felony conviction when it appeared in the indictment and the presentence report.  Defendant also admitted to the elements of the indictment and offense when he pled guilty.

To the extent that Defendant argues that the simply knowing that he had a prior felony conviction is insufficient because that conduct does not demonstrate the he knew the prior conviction prohibited firearm possession, the argument is without merit.  The Eighth Circuit held that a defendant "needed to know only that he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearms."[10]  Furthermore, it is clear that the government would have had no trouble proving Defendant's knowledge of his prior felony convictions.[11]

IT IS SO ORDERED this 20th day of July, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[8]*Dejan v. U.S.*, 208 F.3d 682, 685 (8th Cir. 2000).

[9]*Bousley v. U.S.*, 523 U.S. 614, 621-622 (1998).

[10]*United States v. Davies*, 942 F.3d 871, 874 (8th Cir. 2019).

[11]See *Rehaif*, 139 S.Ct. at 2198 (doubting that the obligation to prove a defendant's knowledge of his status will be burdensome because knowledge can be inferred from circumstantial evidence).