IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                        4:17-CR-00295-BRW

FELIX TRAVIS KENNEDY

### ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 33) is DENIED.

**I.   BACKGROUND**

On July 27, 2017, Defendant pled guilty to being a felon in possession of a firearm.[1] On October 23, 2017, he was sentenced to the mandatory minimum of 180 months in prison.[2]

**II.  DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 20, 21.

[2] Doc. Nos. 26, 27.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

1

Defendant has provided neither argument nor evidence that he has requested relief from the warden and exhausted his administrative remedies. Accordingly, this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied. In support of his motion, Defendant asserts that he has heart issues and hypertension, which put him at higher risk of suffering from COVID-19. First, heart issues and hypertension are not "extraordinary and compelling" reasons to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health conditions are not listed. Defendant has not shown that his health conditions are severe enough to prevent him from independently functioning within the prison. He also has provided neither argument nor evidence that his health conditions are unable to be controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 43 years old and has served less than 25% of his sentence, which means he does not meet the age and minimum served-time requirements under the Guidelines.

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has seventeen prior convictions, which include burglary, theft, battery, possession with intent to deliver cocaine, four DWI convictions, and numerous convictions for domestic battery. In fact, Defendant's criminal history qualified as an armed career criminal.

The severity of the instant offense must also be considered. On August 18, 2017, a police officer attempted to make a traffic stop on Defendant's vehicle for various traffic violations. Defendant refused to stop and led police officers on a pursuit. Officers had to deploy two sets of spike strips to flatten three of Defendant's tires so they could detain him. When the car finally stopped, Defendant exited the car holding a firearm and threw the firearm in the grass along with a plastic bag. He then fled on foot until he was caught and arrested. Officers recovered a stolen firearm and a plastic bag with three smaller plastic bags inside that contained methamphetamine, cocaine, and crack cocaine. During a search of Defendant's vehicle, $9,612.20 in cash, multiple cell phones, and a magazine for a Beretta pistol containing five rounds.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 33) is DENIED.

IT IS SO ORDERED, this 22nd day of October, 2020.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE