## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**v.**                          **CASE NO. 4:17-CR-00295-BSM**

**FELIX TRAVIS KENNEDY**
Reg No. 31574-009                                                    **DEFENDANT**


### ORDER

Felix Kennedy's *pro se* motion for compassionate release or sentence reduction [Doc. No. 68] is denied because there are not extraordinary and compelling circumstances to warrant early release.  *See* 18 U.S.C. § 3582(c)(1)(A).

Kennedy pled guilty to being a felon in possession of a firearm.  Doc. No. 20.  He was sentenced to 180 months imprisonment on October 24, 2018.  Doc. No. 27.  Kennedy now requests compassionate release based on his age, the length of his sentence, and his medical conditions.

Although there are occasions when age, unusual length of sentence, and medical conditions can qualify as an extraordinary and compelling reason for early release, *see* U.S.S.G. § 1B1.13(b)(1)–(2) and (6), Kennedy's motion is denied for four reasons.

First, compassionate release is not warranted because Kennedy's violent criminal history indicates he is a danger to the community.  PSR ¶¶ 5,6, 25–35.  Although Kennedy argues he has been rehabilitated, rehabilitation alone is not enough to warrant a sentence reduction.  28 U.S.C. § 994(t).

Second, Kennedy's age does not warrant compassionate release because he is 48 years old and does not meet the requirement of being at least 65 years old. PSR at 2; U.S.S.G. § 1B1.13(b)(2).

Third, the length of Kennedy's sentence does not warrant compassionate release because he has not served at least ten years of his sentence as required by U.S.S.G. § 1B1.13(b)(6).

Fourth, Kennedy asserts his medical conditions of multiple myeloma, chronic kidney disease, and heart failure constitute extraordinary and compelling circumstances. Although sympathetic to Kennedy's situation, he has not pointed to anything in his medical record suggesting his ability to provide self-care has diminished or that he is unable to physically endure incarceration. *See* U.S.S.G. § 1B1.13(b)(B). Indeed, Kennedy's medical records state that he is "mobile" and "able to do [his] own care." Doc. No. 70 at 3. There is also no evidence Kennedy is being denied specialized or long term care that he requires. *See* U.S.S.G. § 1B1.13(b)(1)(C). Despite Kennedy's claim that he is not receiving physical therapy, there is no evidence in the medical record that he requires such treatment.

Finally, at sentencing, the section 3553(a) factors were considered in imposing a 180 month sentence and Kennedy's record does not support a reduction. *See United States v. Ram*, No. 5:13-CR-50045, 2020 WL 3100837, at *3 (W.D. Ark. June 11, 2020) (no reason to revisit section 3553(a) factors when movant has not met his burden of showing

extraordinary and compelling reasons to justify early release).

IT IS SO ORDERED this 17th day of July, 2026.

_____
UNITED STATES DISTRICT JUDGE